COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


VALERIE M. MEREDITH

                                        MEMORANDUM OPINION[*]
v.   Record No. 0564-97-4                 PER CURIAM
                                         JULY 15, 1997
SAFEWAY, INC.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Valerie M. Meredith, pro se, on brief).

              (Stephen J. Price; O'Connell & O'Connell,
              on brief), for appellee.


     Valerie Meredith (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

failed to prove she sustained an injury by accident arising out

of and in the course of her employment on December 31, 1995.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry [her] burden of proving an "injury by accident' a

claimant must prove that the cause of [her] injury was an

identifiable incident or sudden precipitating event and that it

resulted in an obvious sudden mechanical or structural change in

─────────────────

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that claimant failed to prove that her alleged accident constituted an identifiable incident or sudden precipitating event which resulted in an obvious sudden mechanical or structural change in her body, the commission made the following findings:

> After a careful comparison of the claimant's testimony given at the hearing on this matter with the statement which she made to the claims adjuster at a time more contemporaneous with the alleged injury, we conclude that the claimant did not provide specific information regarding the alleged injury by accident. From the statements given, ascertaining whether the claimant alleged an injury while moving items between the double belts or whether she alleged an injury while lifting items from the belt into the basket was difficult. The claimant also seemed confused over the size of the bottles, the number of bottles, and the number of bags, raising questions about the accuracy of her account of the incident. The claimant's initial statement was that the pain came on gradually. However, by the time of the hearing she had changed the account to refer to a more specific incident involving lifting either two or three bottles of soda in a bag.

It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Based upon the inconsistencies between claimant's

2

hearing testimony and her recorded statement, the commission was entitled to conclude that claimant's testimony was not credible. Accordingly, we cannot find as a matter of law that claimant carried her burden of proving that she sustained an injury by accident arising out of and in the course of her employment on December 31, 1995. Claimant's remaining claims are also without merit. She alleges that the commissioner failed to consider the medical reports and the ongoing treatment of the claimant. The record does not support this claim. She also contends the commissioner failed to consider a witness' affidavit. The affidavit was not made part of the record at the commissioner's hearing and was properly not considered.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>